UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steven Alvin Sisk, | ) C/A No. 6:11-00780-RBH-KFM |
| Plaintiff, | ) |
| vs. | ) |
| Associate Warden Linda Chavis, Evans Correctional Institution;<br>Associate Warden Roland McFadden, Evans Correctional Institution;<br>SCDC, South Carolina Department of Corrections, | ) **Report and Recommendation** |
| Defendants. | ) |

Steven Alvin Sisk, (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Lieber Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names SCDC and two employees thereof as Defendants.[2] Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v.*

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

*Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). As the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976). Even under this less stringent standard, however, the *pro se* Complaint is subject to partial summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

### Background

Plaintiff alleges that, from 2006 to 2010, he was denied proper medical treatment for diabetes at Evans Correctional Institution. ECF No. 1, page 3. Plaintiff suffered complications associated with his diabetic condition in August 2010 and also suffered stroke symptoms. *Id.* Plaintiff further claims that he suffered a severe stroke in 2005 at Lieber Correctional institution and that SCDC employees "refused or seek or call EMS for emergency medical treatment for stroke." *Id.* Plaintiff was later hospitalized. *Id.* Plaintiff states that the stroke resulted in permanent brain damage and that he is now confined to a "wheel chair for the rest of his remaining life." *Id.* Plaintiff seeks "any relief as provided by this Court." *Id.* at 4.

### Discussion

This Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271(1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United

States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, Plaintiff has named one Defendant, the SCDC, which is protected from a suit brought pursuant to § 1983 by the Eleventh Amendment. The Eleventh Amendment forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Although this language does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in *Hans v. Louisiana*, 134 U.S. 1 (1890), held that the purposes of the Eleventh Amendment, i.e. protection of a state treasury, would not be served if a state could be sued by its citizens in federal court. The Eleventh Amendment also bars this Court from granting injunctive relief against the state. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996) ("[T]he relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment."). *See also Alabama v. Pugh*, 438 U.S. 781 (1978). State agencies and state instrumentalities, such as the SCDC, share this immunity when they are the alter egos of the state. *See Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997). As the SCDC is protected by Eleventh Amendment immunity, this Defendant is entitled to summary dismissal from the instant action.[3]

Next, although Plaintiff's claims of medical indifference are cognizable under §1983, the Complaint fails to name, as a defendant, any individual directly involved with the alleged lack of medical care. Instead, Plaintiff names two Associate Wardens at Evans Correctional Institution, Linda Chavis and Roland McFadden. A Plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). When a complaint contains no personal allegations

---

[3] While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. *See Quern v. Jordan*, 440 U. S. 332, 343 (1979). In addition, a State may consent to a suit in a federal district court. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 & n. 9 (1984). However, the State of South Carolina has not consented to such actions. *See* S.C. Code Ann. § 15-78-20(e).

3

against a defendant, that defendant is properly dismissed. *See Karafiat v. O'Mally*, No. 02-3992, 2002 WL 31845135, at **1 (6th Cir. Dec. 17, 2002); *Curtis v. Ozmint*, C/A No. 3:10-3053-CMC-JRM, 2011 WL 635302, at *4 n.5 (D.S.C. Jan. 5, 2011)*; Whaley v. Hatcher*, No. 1:08CV125-01-MU, 2008 WL 1806124, at *1 (W.D.N.C. Apr. 18, 2008). Although the Court must liberally construe the *pro se* Complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Adams v. Rice*, 40 F.3d 72, 74-75 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989). He must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). In the instant action, Plaintiff fails to provide any factual allegations against Defendants Chavis and McFadden. As the Complaint's general claims are insufficient to state a claim against Defendants Chavis and McFadden under § 1983, these Defendants are entitled to summary dismissal.

Further, to the extent Plaintiff may seek to hold Defendants Chavis and McFadden liable in their supervisory capacities, his claim likewise must fail. While supervisory officials may be held liable, in some circumstances, for constitutional injuries inflicted by their subordinates, *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994), certain criteria must be met before such liability can attach. The plaintiff must show that the supervisory official was (1) actually or constructively aware of a risk of constitutional injury, (2) deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999). Plaintiff's Complaint contains no facts regarding Defendants Chavis and McFadden which would satisfy the above criteria. Therefore, these Defendants are also entitled to summary dismissal from any claim that Plaintiff may be asserting against them as supervisors of SCDC employees.

Finally, it is clear from the face of the Complaint that Plaintiff filed this case prematurely, before attempting to exhaust the SCDC administrative remedy process. ECF No. 1, page 2. The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal

law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The United States Supreme Court has held that, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The lack of exhaustion of administrative remedies is considered an affirmative defense and not a jurisdictional infirmity. *Jones v. Bock,* 549 U.S. 199 (2007). However, if the lack of exhaustion is apparent from the face of the prisoner's complaint *sua sponte* dismissal prior to service of the complaint is appropriate. *See Anderson v. XYZ Correctional Health Servs.*, 407 F.3d 674, 683 (4th Cir. 2005). *See also Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655-56 (4th Cir. 2006). In the instant action, Plaintiff clearly states that he has not filed an institutional grievance concerning the claims raised in this case. Thus, the instant Complaint is also subject to summary dismissal for lack of exhaustion.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance and service of process for the Defendants. Plaintiff's attention is directed to the important notice on the next page.

s/Kevin F. McDonald
United States Magistrate Judge

May 9, 2011
Greenville, South Carolina

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).