IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Steven Alvin Sisk, ) | Civil Action No.: 6:11-cv-00780-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Associate Warden Linda Chavis, *Evans* ) | |
| *Correctional Institution*; Associate Warden ) | |
| Roland McFadden, *Evans Correctional* ) | |
| *Institution*; SCDC, *South Carolina* ) | |
| *Department of Corrections*; ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff, a state prisoner proceeding *pro se*, brought this suit pursuant to 42 U.S.C. § 1983. This matter is now before the court with the [Docket Entry 16] Report and Recommendation ("R & R") of United States Magistrate Judge Kevin F. McDonald[1] filed on May 9, 2011. In his R & R, the Magistrate Judge recommended that the court should summarily dismiss, without prejudice, Plaintiff's [Docket Entry 1] Complaint. Plaintiff timely filed objections to the R & R. *See* [Docket Entry 18] Obj.

**Background**

In his Complaint, Plaintiff alleges that, from 2006 to 2010, he was denied proper medical treatment for diabetes at Evans Correctional Institution. *See* Compl. at 3. Plaintiff further alleges that he suffered complications relating to his diabetes and suffered stroke symptoms in August of 2010. *See id.* Also, Plaintiff claims that he suffered a "severe stroke" in 2005 while incarcerated at Lieber Correctional Institution and that "SCDC employees refused to seek or call EMS for

---

[1] This matter was referred to Magistrate Judge McDonald pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C.

emergency treatment." *Id.* Plaintiff further alleges that he was later hospitalized, but that SCDC "transporting" employees would not allow the doctors to perform surgery on Plaintiff. *See id.* Plaintiff claims that the stroke caused permanent brain damage and that he is now "confined to [a] wheel chair for the rest of his remaining life." *Id.* Plaintiff seeks "any relief as provided by this Court." *Id.* at 4.

## Standard of Review

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## Discussion

Plaintiff brought this § 1983 action against the South Carolina Department of Corrections ("SCDC") and two associate wardens of Evans Correctional Institution. The Magistrate Judge

recommends summary dismissal, without prejudice, of all three (3) defendants. *See* R & R at 5. Plaintiff timely objected to that recommendation.

In his R & R, the Magistrate Judge found that Defendant SCDC should be summarily dismissed because it is "protected from a suit brought pursuant to § 1983 by the Eleventh Amendment," and "the State of South Carolina has not consented to" suit in federal court. R & R at 3 & n.3. Plaintiff's only objection appears to be that S.C. Code Ann. § 15-78-20(e)[2] "conflict[s] with Federal law by implication" and therefore the federal law (§ 1983) should preempt the state law. Obj. at 2. Upon review, the court overrules Plaintiff's objection and finds that Defendant SCDC is entitled to summary dismissal. The Eleventh Amendment of the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Interpreting the Eleventh Amendment, the United States Supreme Court "has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Here, Defendant SCDC, as a state agency or instrumentality, is equally entitled to Eleventh Amendment immunity as an alter ego of the state. *See Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997). Moreover, while a state may consent to a suit in federal district court, *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984), it is undisputed in this case that the State of South Carolina has not consented to such actions. *See* S.C.

---

[2] S.C. Code Ann. § 15-78-20(e) provides the following: "Nothing in this chapter is construed as a waiver of the state's or political subdivision's immunity from suit in federal court under the Eleventh Amendment to the Constitution of the United States nor as consent to be sued in any state court beyond the boundaries of the State of South Carolina.

3

Code Ann. § 15-78-20(e); *see also* Obj. at 2 ("However the state of SC has not consented to such actions[.]"). Finally, as to Plaintiff's one specific objection regarding conflicting state and federal law, the court is of the opinion that S.C. Code Ann. § 15-78-20(e), which merely indicates South Carolina's lack of consent to being sued in federal district court, is actually consistent with federal law, i.e., the Eleventh Amendment of the United States Constitution and Supreme Court precedent. Accordingly, the court adopts the Magistrate Judge's recommendation that Defendant SCDC should be summarily dismissed.

The Magistrate Judge additionally recommended summary dismissal of Defendants Chavis and McFadden. Essentially, the Magistrate Judge concluded that Plaintiff had failed to provide any factual allegations against Chavis and McFadden sufficient to establish liability–personally or in a supervisory capacity. *See* R & R at 3-4. The undersigned agrees. It is well-settled that in order to hold an individual liable under § 1983, a plaintiff must show that the individual acted personally in the deprivation of the plaintiff's constitutional rights. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977); *see also Roberts v. Prince George's County, Md.*, 157 F. Supp. 2d 607, 609 (D. Md. 2001) ("[P]laintiff must show that the official charged personally caused the deprivation of his federal rights."). Here, as the Magistrate Judge correctly noted, Plaintiff failed to specifically name, as defendants in the Complaint, any individuals who were directly involved with his alleged lack of medical care. As for the two individual defendants actually named in the Complaint, Plaintiff failed to provide any factual allegations against Chavis and McFadden. In addition, while it is possible to assert supervisory liability under § 1983, *see Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994), any such claim by Plaintiff similarly fails as Plaintiff has not asserted any factual allegations against Defendants Chavis or McFadden in order to satisfy the elements of such a claim.

4

Plaintiff did object to the Magistrate Judge's recommendation regarding Defendants Chavis and McFadden. Plaintiff contends that his Complaint is entitled to liberal construction and that all he is required to do at this stage of the proceeding is set forth facts giving rise to his § 1983 claim. First, the Magistrate Judge did, in fact, liberally construe Plaintiff's allegations, but still found that his allegations did not support a claim for relief. *See* R & R at 4 ("Although the Court must liberally construe the *pro se* Complaint, Plaintiff must do more than make mere conclusory statements to state a claim. . . . He must allege facts that support a claim for relief."). Accordingly, the court overrules this objection. Second, while Plaintiff is correct that he merely has to assert facts giving rise to his claim at this stage of the proceeding, both the Magistrate Judge and the undersigned have concluded that the facts asserted by Plaintiff do not give rise to § 1983 liability against any of the three (3) named defendants. The court therefore overrules this objection. Because Plaintiff has not asserted any factual allegations against Defendants Chavis and McFadden sufficient to give rise to § 1983 liability, both are entitled to summary dismissal.

In sum, the court overrules all of Plaintiff's objections and is in agreement with the Magistrate Judge that all three (3) named defendants are entitled to summary dismissal.[3]

---

[3] The court does note that the Magistrate Judge also concluded that "it is clear from the face of the Complaint that Plaintiff filed this case prematurely, before attempting to exhaust the SCDC administrative remedy process." R & R at 4. Accordingly, the Magistrate Judge concluded that "the instant Complaint [would] also [be] subject to summary dismissal for lack of exhaustion." *Id.* at 5. Petitioner's only objection as to this recommendation was that "prisoners need not exhaust state rem[e]dies prior to filing [a §] 1983 [action]." Obj. at 1. This objection is without merit. "The Prison Litigation Reform Act (the "PLRA") requires that inmates exhaust all administrative remedies before filing an action challenging prison conditions under federal law." *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 675 (4th Cir. 2005) (citing 42 U.S.C. § 1997e(a)). And, the United States Supreme Court has held "that the PLRA's exhaustion requirement applies to *all* inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (emphasis added). Accordingly, Plaintiff should be required to exhaust all his administrative remedies prior to filing suit in federal court. Here, Plaintiff indicated in his Complaint that he had *not* filed any grievances concerning the claims in this suit. *See* Compl. at 2. Therefore, even if this court were to find that summary dismissal for failure to state a claim was inappropriate, which it does

**Conclusion**

The court has thoroughly reviewed the entire record, including the R & R and objections, and applicable law. For the reasons stated above and by the Magistrate Judge, the court hereby overrules all of Plaintiff's objections[4] and adopts and incorporates by reference the R & R of the Magistrate Judge. Accordingly, Plaintiff's Complaint is **DISMISSED**, *without prejudice*, and without issuance and service of process for the Defendants.

**IT IS SO ORDERED**.

s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
May 24, 2011

---

not, dismissal would appear to be appropriate for failure to exhaust.

[4] To any extent that this Order does not specifically address an objection by Plaintiff, the court has reviewed all of Plaintiff's objections and determined his objections to be without merit.